[No. 1441, January 9, 1913.]

J. G. DAILY, et al., Appellees, v. GEORGE E. FITZ-GERALD, et al., Appellants.

### SYLLABUS (BY THE COURT).

1. All costs accruing in the District Court must be taxed prior to the filing of the transcript in this court, on appeal or writ of error, and a certificate of the Clerk of the District Court as to such costs must be included in the transcript of record and no recovery can be had in this court for costs not so taxed and certified.

On motion to strike out certificate of the District Clerk as to costs.

### OPINION OF THE COURT.

ROBERTS, C. J.—At the present term of this court this cause was submitted on the merits and the appellees prevailed. After the cause was decided on the merits, by this court, appellees caused the clerk of the District Court Bernalillo County to transmit to the clerk of this court a certificate of costs, taxed by the Clerk of the District Court of said county, after the rendition of the judgment in this court, which certificate showed additional costs in the district court, amounting to $139.60, which it appears appellees had not caused to be taxed and certified theretofore. Appellants have filed a motion to strike out such additional certificate, on the ground, among others, that such costs must be taxed prior to the filing of the transcript of the record in this court, and a certificate of the Clerk of the District Court as to all costs in the case

must be included in the transcript.   The motion appears to be well taken.

It is true that sec. 3157, C. L. 1897, does not seem to require the taxation of costs until the execution on the judgment is issued, yet as sec. 22, of chap. 57, S. L. 1907, requires the Clerk of the District Court, in case of appeal or writ of error, to include in the transcript of record a copy of the final judgment, etc., and "a certificate of the Clerk of the District Court as to all costs in the case in the District Court including the clerk's and stenographer's fees for the transcript of record and bill of exceptions," it would appear that the costs should be taxed before the transcript is prepared and filed in this court.   If a successful party in the lower court could await his own pleasure to have the costs taxed, where an appeal is taken, it would lead to endless confusion, and would deny to the other party the opportunity to object to the items of cost in the lower court, and secure a proper taxation thereof. No good reason can be advanced for the delay and we believe the better practice is to require the costs to be taxed prior to the filing of the transcript in this court, so that the amount can be included therein, as required by the statute.   Appellants' motion to strike the certificate of the District Clerk as to costs filed in this court after the decision of the case here, on its merits, will be sustained, and, it is so ordered.