[No. 1493, November 7, 1913.]

STATE OF NEW MEXICO on relation of STELLA SITTLER, Appellant, v. THE BOARD OF EDUCATION OF THE TOWN OF GALLUP, State of New Mexico, Appellee.

### SYLLABUS.

1. Where assignments of error questioned the correctness of findings of fact, appellant having brought up the record proper only, the appellee was justified in bringing up the transcript by certiorari, and the cost thereof could be taxed by the clerk of the Supreme Court as provided by laws 1907, c. 57, sec. 34.

P. 288

2. Costs in the District Court can not be taxed on appeal, where no cost bill is filed in the Supreme Court showing the taxation of such costs.

P. 289

3. In order to recover on appeal costs incurred in the District Court, they must be taxed prior to the filing of the transcript on appeal or writ of error, and the transcript must include a certificate of the clerk of the District Court as to such costs.

P. 289

4. After the filing of the supplemental transcript, and the argument and submission of the case, it is too late for appellee to suggest a dimunition of the record, to include in the transcript a certificate of the taxation of costs in the District Court.

P. 289

Appeal from the District Court of McKinley County; Herbert F. Raynolds, District Judge; motion sustained.

*Brief on Motion to Strike Certificate of Costs.*
A. T. HANNETT, Gallup, N. M.; VIGIL & JAMISON, Albuquerque, N. M.

Practice in this state requires the costs to be taxed prior to the filing of the transcript in the Supreme Court. Daily v. Fitzgerald, 130 Pac. 247-248.

: Evidence introduced on a trial is not, ordinarily, a part of the record. 2 Cyc. 1062; Laws 1907, ch. 57, sec. 24.

Two requisites: 1, the stenographer's notes must be transcribed; and, 2, they must be properly certified by the court or referee. Oliver Co. v. Burtner, et al., 128 Pac. 62 (N. M.)

*Brief of Appellee in Opposition to Motion to Strike Costs.*
Taxation of costs is, ordinarily, a ministerial duty. querque, N. M.

Taxation of costs is, ordinarily, a ministerial duty. Abbott v. Mathews; 26 Mich. 176; C. L. 1897, secs. 3155-3156-3157 and 3158; Mathews v. Matson, 3 N. Y. Civ. Pro. R. 157.

Appellant did not prepare record as required by statute. Laws 1907, ch. 57, sec. 31.

Statute governing cases bringing up more of the record than is called for in the praecipe. Laws 1907, ch. 57, secs. 24, 31.

Costs had been taxed by the clerk of the District Court, upon notice to the attorneys for the appellant. Daily v. Fitzgerald, 130 Pac. 247, not in point.

Costs of only four witnesses were taxed. C. L. 1897, sec. 3155.

Compensation for transcript of stenographer. Laws 1907, ch. 57, sec. 27.

Costs of clerk. C. L. 1897, sec. 1019.

### OPINION OF THE COURT.

PARKER, J.—The relator brought up a record which consisted of the record proper, only. She assigned error which questioned the correctness of findings of facts, and which could only be considered by examining the evidence taken in the court below. The appellee was, therefore, justified in bringing up the transcript of evidence by certiorari, the cost whereof may be taxed by the clerk of this Court. Chapter 57, laws 1907, sec. 34.

The transcript was filed by the relator and appellant on June 14, 1912. On August 26, 1912, the appellee moved for certiorari and suggested diminution of the record in the following particulars, viz., that the evidence and exhibits in the case, and the findings of fact and conclusions of law by the Court had been omitted from the transcript. In response to the writ of certiorari, the clerk sent up, and there was filed in this Court, on November 1, 1912, a supplemental transcript, together with a cost bill showing the costs of both parties to be $23.70. The case was argued and submitted March 4, 1913. On April 12, 1913, appellee again moved against the clerk for the order requiring him to have portions of the supplemental transcript properly certified by the District Judge, and to certify up a cost bill, including witness fees not theretofore taxed. On April 14, 1913, appellee served notice of ap-

State ex rel. v. Bd of Ed., 18 N. M. 286.

plication to tax costs before the clerk of the District Court, which attorneys for appellant ignored and the clerk taxed $79.20 as costs of witnesses of appellee. The clerk thereupon certified up a copy of the notice to tax costs before him, but has not sent up any cost bill.

It thus appears that the appellee is not entitled to tax in this Court the $79.20 for witness fees in the Court below, for two reasons. (1) There is no cost bill filed in this Court showing the taxation of such costs. (2) Under the doctrine held by this Court in Dailey et al. v. Fitzgerald et al., 130 Pac. 247, all costs accruing in the District Court must be taxed prior to the filing of the transcript in this Court, on appeal.or writ of error and a certificate of the clerk of the District Court as to such costs must be included in the transcript of record, and no recovery can be had in this Court for costs not so taxed and certified.

It is true that these costs were not properly certified with the original transcript in this case, as they had not, at that time, been taxed. Had they been taxed it would have been competent for the appellee to suggest a diminution of the record and have them certified up as a part of the same. The appellee has never suggested any diminution of the record in this regard, until after the filing in this Court of its supplemental transcript, and the argument and submission of the case. The suggestion, therefore, comes too late.

It follows, therefore, that the motion to strike out the alleged cost bill will be sustained and the clerk of this Court will tax the costs of, the supplemental transcript as costs in this Court, as provided by law, and it is so ordered.

Justice Hanna being absent from the state, did not participate.