**71 P.(2d) 653**

### WARDER et al. v. SHUFELDT.
### No. 4116.

Supreme Court of New Mexico.
Sept. 7, 1937.

For former opinion, see 40 N.M. 442, 62 P.(2d) 812.

J. O. Seth, of Santa Fé, and J. R. Modrall and Waldo Spiess, both of Las Vegas, for appellant.

A. T. Rogers, Jr., of Las Vegas, for appellees.

BRICE, Justice.

A motion has been filed in this cause to recall the mandate and to strike therefrom the certificate of costs of the district clerk. The mandate was issued on December 7, 1936, but seems not to have been filed in the district court until in the month of April, 1937. There was filed in this court in December, 1936, a certificate of costs made by the clerk of the district court for costs of transcript $283.15. The cost was indorsed on the mandate as follows:

"Costs taxed in favor of appellant as follows:

Transcripts ..................... $283.15
Supreme Court Clerk's costs..... 20.00
                                   _____
                                   $303.15"

It will be observed that no costs were taxed except for transcripts, $283.15, and $20 Supreme Court costs.

The following rules of 1928 with reference to costs were in force at that time:

Sec. 3. "The clerk of the district court shall be allowed 10¢ per folio for making out and certifying the original copy of the record on appeal or writ of error and 3¢ per folio for each additional copy thereof required and he shall be allowed $2.00 for certifying the bill of exceptions which may have been furnished by the stenographer, to be paid by the party suing out the writ of error or taking the appeal."

Sec. 4. "The stenographer shall be compensated for taking down testimony (except testimony taken in term time, where the court stenographer acts) at the rate of ten dollars per day, and shall be allowed for transcribing the same fifteen cents per folio for the original copy, and five per folio for each additional copy."

Sec. 8. "Except as otherwise provided, the following shall be taxed as costs:

"(1) For preparing and filing three transcripts of record at 16 cents per folio thereof, and 15 cents per folio additional for transcript of stenographer's notes contained therein.

"(2) Clerk's fees as prescribed by statute.

"(3) For binding record under section 7 of this rule."

Rule 19, sections 3, 4, and 8.

There was no provision in the rules of 1928 for certification of costs by the district clerk, as there is now, and as there was before the adoption of the rules of 1928; for which reason the cases of Dailey v. Fitzgerald, 17 N.M. 159, 130 P. 247, and State v. Board of Education, 18 N.M. 286, 135 P. 1174, are not authority in this case. Under the rules that apply the clerk of the Supreme Court was authorized to tax the costs for preparing and filing three transcripts of the record at 16 cents per folio and 15 cents per folio additional for transcript of stenographer's notes con-

tained therein. It is presumed that this was the charge objected to.

The judgment provided for the taxing of costs against appellee, and rule 19 provided what costs should be taxed. The clerk was authorized to tax such costs in this court.

The motion will be denied.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.